UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JOHN REICHLIN, THERESA REICHLIN, RENEE REICHLIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEL NORTE COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>    Defendants. | Case No. 14-cv-05213-NJV   (NJV)<br><br>**ORDER RE MOTION TO DISMISS BY DEFENDANTS OPEN DOOR COMMUNITY HEALTH CENTERS AND WARREN REHWALDT, M.D.**<br><br>Re: Dkt. No. 15 |

Plaintiffs John Reichlin, Theresa Reichlin, and Renee Reichlin filed their complaint on November 24, 2014, naming as Defendants Del Norte County Department of Health and Human Services, Open Door Community Health Centers, Warren Rehwaldt, M.D., and Candace Cudworth. Defendants Open Door Community Health Centers ("Open Door") and Warren Rehwaldt, M.D. ("Dr. Rehwaldt") have moved this Court for an order dismissing Plaintiffs' complaint as to them pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, based on Defendants' failure to comply with the requirements of the Federal Tort Claims Act. The court took the matter under submission on the papers pursuant to Civil Local Rule 7-1(b), and having considered Open Door's and Dr. Rehwaldt's motion, the supporting declaration and exhibits, the opposing and reply papers, grants Open Door's and Dr. Rehwaldt's Motion to Dismiss.

## LEGAL STANDARD

Because Federal Courts are courts of limited jurisdiction, a court must dismiss an action if it determines that it lacks subject matter jurisdiction. Rule 12(b)(1), Federal Rules of Civil

1   Procedure, provides that a party may assert the defense of a lack of subject matter jurisdiction by
2   motion.   Where, as here, a defendant challenges subject matter jurisdiction pursuant to Rule
3   12(b)(1), "the plaintiff has the burden of proving jurisdiction in order to survive the motion ."
4   *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quoting
5   *Tosco Corp. v. Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001)).   In response to a
6   factual attack on subject matter jurisdiction in a Rule 12(b)(1) motion, a plaintiff "must furnish
7   affidavits or other evidence to satisfy its burden of establishing subject matter jurisdiction."
8   *Savage v. Glendale Union High Sch. Dist., No. 205*, 343d F.3d 1036, 1039 n.2 (9th Cir. 2003).

## SUBJECT MATTER JURISDICTION

Plaintiffs have alleged medical negligence claims against Defendants, arising out of the relationship between their mother, who died in May 2014, and Defendants.  Plaintiffs allege that Dr. Rehwaldt was Plantiffs' mother's physician and should have ensured that she received proper care.

Defendant Open Door is deemed to be a federally qualified health center under the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA"), and therefore Open Door and its officers and employees are deemed employees of the United States Department of Health and Human Services ("HHS").  Decl. Christopher Peters ["Peters Decl."], Para. 4, Exhibit A and B.  Defendant Dr. Rehwaldt is a physician employed by Open Door.  *Id*. at Para. 3.   Under FSHCAA, as federal employees, Open Door and Dr. Rehwaldt are covered by the HHS and the Federal Tort Claims Act ("FTCA") for certain torts, including medical negligence claims.  *Id*., para. 5.

The FTCA provides the exclusive remedy for the alleged negligence and medical malpractice of a federally qualified health center and/or its employees.  Plaintiffs must therefore bring this action against the United States under the FTCA.  See 42 U.S.C. § 233(g); 28 U.S.C. §§ 1346(b), 2401(b), 2671-80.  The only proper defendant in an FTCA action against the federal government is the United States of America.  28 U.S.C. § 2679(d); *see also Kennedy v. United States Postal Service*, 145 F. 3d. 1077, 1078 (9th Cir. 1998); *McAllister v. United States*, No C-11-03858 MEJ, 2013 WL 2551990, at *2-3(N.D. Cal., June 10, 2013) (dismissing improperly named

United States District Court
Northern District of California

defendants in FTCA action).

Under the FTCA, a claimant must first present an administrative tort claim to the federal agency. If the agency denies the claim, the claimant then has six months from receiving notice of final denial of the claim to file an action under the FTCA in federal district court. 28 U.S.C. § 2401(b). A plaintiff can file a lawsuit only after the claim is denied or six months have elapsed without final disposition by the agency. *McNeil v. United States*, 508 U.S. 106, 113 (1993). The FTCA's administrative exhaustion requirement is jurisdictional and "must be strictly adhered to." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011).

Nothing in Plaintiffs' complaint alleges that Plaintiffs complied with the FTCA's requirement of exhausting their administrative remedies before filing suit in this court. Plaintiffs do not allege that they obtained a formal denial from the HHS with respect to their administrative tort claims or waited at least six months from the date they filed any claim before commencing their lawsuit. *See* 28 U.S.C. § 2675(a) (stating the claimant must "have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing" or "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim"). Although Plaintiffs filed an opposition to the motion to dismiss by Open Door and Dr. Rehwaldt on March 23, 2015, Plaintiffs do not address their failure to exhaust their administrative remedies as required under the FTCA.

Based on the foregoing, the Court finds that Plaintiffs have failed to carry their burden of establishing the existence of subject matter jurisdiction over this action to the extent it is pursued against Open Door and Dr. Rehwaldt. The court therefore finds it lacks subject matter jurisdiction over this action, because Plaintiffs failed to comply with the FTCA's requirement of exhaustion of administrative remedies before filing a civil action in this court. Federal subject matter jurisdiction must exist at the time an action is commenced. Without such jurisdiction, the court has no power but to dismiss the action. *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

//

Accordingly, IT IS ORDERED as follows:

1. The motion to dismiss for lack of subject matter jurisdiction by Open Door and Dr. Rehwaldt is GRANTED; and
2. the Complaint is hereby DISMISSED with prejudice as to Defendants Open Door and Dr. Rehwaldt, but without prejudice to Plaintiffs' right to reassert their claim against the correct defendant after exhausting their administrative remedies in compliance with the FTCA.
3. Plaintiffs are advised to consult with the Pro Se Help Desk of the United States District Court for the Northern District of California.  Information regarding proceeding before this court without a lawyer is available on the court's website at www.cand.uscourts.gov.  A copy of the Handbook for Pro Se Litigants has been mailed to Plaintiffs under separate cover.

**IT IS SO ORDERED**.

Dated:  May 12, 2015

_____
NANDOR J. VADAS
United States Magistrate Judge